# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAWNTAY ELLIS,<br><br>    Petitioner,<br><br>    v.<br><br>THE STATE OF CALIFORNIA,<br><br>    Respondent. | NO. CV 20-0043 FMO<br><br>**DEATH PENALTY CASE**<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

      On January 7, 2020, James Dawntay Ellis filed a request for appointment of counsel "for the purpose of challenging the wrongful conviction and death sentence imposed by the San Bernardino Superior Court three years ago." (Docket No. 2 at 1 (internal capitalization omitted).) He filed a pro se Petition for a Writ of Habeas Corpus on the same date. (Docket No. 1.)

      Mr. Ellis has not yet been appointed counsel for his appeal. (See Docket, Cal. Case No. S242792.) He states in his federal request for appointment of counsel that he has filed a number of requests for counsel in the California Supreme Court and in the Superior Court of California, County of San Bernardino. (Docket No. 2 at 1.) He alleges that because "no steps have been taken to actually implement any of the provisions within Prop. 66," there is "no effective appellate process . . . ." (Docket No. 2 at 2; Docket No. 1 at 2.) He alleges that the state's "inability to provide legal counsel violates the Due Process Clause of the United States Constitution." (Docket

No. 1 at 2.)

On January 13, 2020, the court invited a report from respondent on the status of the State's rulemaking process to implement the provisions of Proposition 66. (Docket No. 5.) In its response, the State reported that the California Supreme Court continues to have the "responsibility and authority to appoint *appellate* counsel for an indigent condemned inmate." (Docket No. 7 at 2 (italics in original).) The State explained:

> The Judicial Council adopted rules implementing Proposition 66 that became effective on April 25, 2019. These rules include those relating to the appointment of appellate counsel (Cal. R. Ct. 8.605 [qualifications of counsel in death penalty appeals]) and habeas counsel (Cal. R. Ct. 4.561 [superior court appointment of counsel in death penalty-related habeas corpus proceedings]; Cal. R. Ct. 8.652 [qualifications of counsel in death penalty-related habeas proceedings]).

(Id. at 3 (bracketed text in original).)

A federal court generally may not grant habeas relief to a person in state custody unless he or she has first exhausted the remedies available in state court. See 28 U.S.C. § 2254(b)(1)(A). Mr. Ellis has not exhausted his Due Process claim in state court. Accordingly, the court DISMISSES WITHOUT PREJUDICE his petition for writ of habeas corpus and DENIES his related request for the appointment of counsel. Cf. Alfaro v. Johnson, 862 F.3d 1176, 1180-83 (9th Cir. 2017) (holding petitioner was not excused from failing to exhaust claim alleging unconstitutional systemic delay in the administration of California's death penalty).

**IT IS SO ORDERED.**

Dated this 31st day of January, 2020.

/s/
Fernando M. Olguin
United States District Judge